IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50931
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KEVIN WAYNE SAULS; DOUGLAS WAYNE EVANS;
TONY CURTIS COLLINS; and DARREN MIGUEL TATE,

                                        Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CR-30-8
- - - - - - - - - -
August 31, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

In this criminal appeal, Kevin Wayne Sauls, Douglas Wayne

Evans, and Darren Miguel Tate challenge their convictions and

sentences for making a false material statement to an agent of

the federal government, in violation of 18 U.S.C. § 1001.  Tony

Curtis Collins also challenges his sentence and conviction for

conspiracy to possess a firearm by a convicted felon; possession

of a firearm by a convicted felon; possession of a firearm with

an obliterated serial number; and transfer of a firearm with an

        [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

obliterated serial number, in violation of 18 U.S.C. §§ 922(g)(1) and 2, 922(k) and 2, 924(a)(2) and 2, and 924(h) and 2.

Evans and Tate contend that the indictment was insufficient to charge an offense under 18 U.S.C. § 1001 and, with Sauls, that the evidence was insufficient to support a conviction for a violation of 18 U.S.C. § 1001. Evans and Sauls additionally argue that the district court erred in refusing to suppress the statements they made to federal agents. Tate also argues that the district court erred in upwardly departing, pursuant to U.S.S.G. § 5K2.9, in sentencing him. Collins' sole argument is that he did not intelligently waive his right to counsel.

We have reviewed the record and the defendant's briefs and perceive no reversible error. Accordingly, the judgments of conviction and sentence are affirmed.

AFFIRMED.